No. 10-14901

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Hassan Swann,
Appellant,
v.
Brian Kemp, et al.,
Appellees

Appeal from the United States District Court
for the Northern District of Georgia

REPLY BRIEF OF APPELLANT

Laughlin McDonald
Nancy G. Abudu
American Civil Liberties Union
 Voting Rights Project
230 Peachtree Street, N.W., Suite 1440
Atlanta, Georgia 30303
Tel:   (404) 523-2721
Fax:   (404) 653-0331

Brian Spears
1126 Ponce de Leon Ave NE
Atlanta, Georgia 30306
Tel:   (404) 872-7086
Fax:   (404) 892-1128

Chara Fisher Jackson
American Civil Liberties Union
 of Georgia
1900 The Exchange, SE
Building 400, Suite 425
Atlanta, Georgia 30339
Tel:   (404) 523-6201
Fax:   (404) 577-0181

Neil Bradley
3276 Wynn Drive
Avondale Estates, Georgia 30002
Tel:   (404) 298-5052

*ATTORNEYS FOR APPELLANT*

## TABLE OF CONTENTS

SUMMARY ARGUMENT ........................................................................................1

ARGUMENTS AND CITATIONS OF AUTHORITY ..........................................2

    I.      PLAINTIFF HAS STANDING TO CHALLENGE THE DEFENDANTS' APPLICATION OF GEORGIA'S ABSENTEE BALLOT LAW AS IT PERTAINS TO INMATES INCARCERATED IN THEIR COUNTY OF RESIDENCE. ..................................................................................................2

    II.    DEFENDANTS' APPLICATION OF GEORGIA'S ABSENTEE BALLOT LAW TO INMATES INCARCERATED IN THEIR COUNTY OF RESIDENCE DOES NOT SERVE A COMPELLING GOVERNMENTAL INTEREST. ..............................................................6

    III.   CONCLUSION ...................................................................................11

CERTIFICATE OF COMPLIANCE...................................................................12

CERTIFICATE OF SERVICE ............................................................................12

## TABLE OF AUTHORITIES

### Cases

Anderson v. Celebrezze, 460 U.S. 780 (1983) .........................................................6

Bruce v. Berry, 498 F.3d 1232 (11th Cir. 2007)......................................................2

Burdick v. Takushi, 504 U.S. 428 (1992)................................................................6

Charles Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349 (11th Cir. 2005).............5

Common Cause/Georgia v. Billups, 554 F.3d 1340 (11th Cir. 2009)....................3, 4

Goebert v. Lee County, 510 F.3d 1312 (11th Cir. 2007)...........................................2

Harrell v. Florida Bar, 608 F.3d 1241 (11th Cir. 2010).............................................3

Illinois State Bd. of Elections v. Socialist Workers Party, 440 U.S. 173 (1979) ......7

Jacobs v. Florida Bar, 50 F.3d 901 (11th Cir. 1995) ....................................................4

Maryland v. Shatzer, 130 S.Ct. 1213 (2010) ...........................................................9

Ne. Fla. Chapter of Assoc. Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656 (1993) ....................................................................................................5

O'Brien v. Skinner, 414 U.S. 524 (1974) ............................................................8, 9

Pittman v. Cole, 267 F.3d 1269 (11th Cir. 2001) ......................................................4

Timmons v. Twin Cities Area New Party, 520 U.S. 351 (1997)............................6, 7

**Statutes**

O.C.G.A. § 21-2-381(a)(1)(D)............................................................. passim

O.C.G.A. § 21-2-384(c)(1) ...............................................................................7

O.C.G.A. § 21-2-385(a) ...................................................................................11

## SUMMARY ARGUMENT

For incarcerated voters, casting an absentee ballot is their only means of voting. Georgia made the policy decision that pre-trial detainees and misdemeanants should retain the right to vote. Even though Georgia's absentee ballot laws do not specifically refer to jails or incarcerated voters, Defendants have interpreted the statute to allow county election offices to send ballots to jails. However, Defendants are enforcing this policy decision in a way that arbitrarily and severely restricts the ability of one category of inmates - those held in their home county - to exercise their only means of voting, and this is a violation of the Equal Protection Clause.

In their briefs, Defendants repeatedly mischaracterize the nature of Plaintiff's equal protection claim. This lawsuit is not about whether O.C.G.A. § 21-2-381(a)(1)(D) is valid on its face. Plaintiff does not challenge the ability of Defendants to send absentee ballots directly to incarcerated voters – something they already do. The sole issue on appeal is whether Defendants are applying the statute in a way that makes it more difficult for inmates incarcerated in their county of residence to vote as compared to those incarcerated outside their county of residence. Because the law creates this barrier, and because Defendants have not met their burden of demonstrating that this unequal application of the law furthers

1

a compelling governmental interest, Plaintiff is entitled to summary judgment as a matter of law, and the district court erred in granting summary judgment in favor of Defendants.[1]

**ARGUMENTS AND CITATIONS OF AUTHORITY**

**I.    PLAINTIFF HAS STANDING TO CHALLENGE THE DEFENDANTS' APPLICATION OF GEORGIA'S ABSENTEE BALLOT LAW AS IT PERTAINS TO INMATES INCARCERATED IN THEIR COUNTY OF RESIDENCE.**

Defendants contend that Plaintiff lacks standing to raise his equal protection claim on the ground that, because he never listed the jail as his mailing address on the absentee ballot application, he suffered no concrete injury. Def. Kemp Br. at 17-18; DeKalb County Defs. Br. at 9-12. Defendant Kemp makes the additional argument that Plaintiff should have assumed he would be incarcerated at the hearing regarding his misdemeanor offense and, therefore, should have voted prior to his incarceration. Def. Kemp Br. at 17. Plaintiff, however, has alleged an injury in that Defendants treated him differently than inmates incarcerated outside their county of residence and this treatment severely restricted his ability to cast an

---

[1] Defendants Maxine Daniels and Jeffrey Mann argue they are entitled to qualified immunity as to all of Plaintiff's claims. DeKalb County Defs. Br. at 13. On appeal, Plaintiff is only challenging the district court's grant of summary judgment as to his equal protection claim, and that claim is asserted against Defendants Daniels and Mann in their official capacity. Therefore, they are not entitled to qualified immunity. Bruce v. Berry, 498 F.3d 1232, 1249 n.33 (11th Cir. 2007) (ruling that a defendant sued in his official capacity is not entitled to the individual capacity defense of qualified immunity); Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007) (same).

absentee ballot.  Moreover, this Court can redress Plaintiff's injury by awarding him nominal damages for the denial of his right to vote, and by enjoining Defendants from engaging in future violations.  Thus, Plaintiff has satisfied his standing requirement.

A district court's ruling regarding standing is subject to de novo review. Harrell v. Florida Bar, 608 F.3d 1241, 1254 (11th Cir. 2010).   In order to establish standing, a plaintiff must show: (1) he has suffered a concrete injury; (2) the injury is fairly traceable to the defendant's actions; and (3) a favorable court ruling will redress the injury.  Common Cause/Georgia v. Billups, 554 F.3d 1340, 1349 (11th Cir. 2009).  Common Cause/Georgia v. Billups involved a challenge to Georgia's voter photo identification law, and the parties included organizational and individual plaintiffs.  Id. at 1344.  The district court ruled the individual plaintiffs failed to show they had suffered any harm or injury based on their testimony that they would obtain photo identification if the law were upheld.  Id. at 1351.  This Court reversed the district court's ruling on standing and reasoned that forcing the individual plaintiffs to satisfy the identification requirement constituted a sufficient injury.  Id.  In reaching this conclusion, this Court held, "[f]or purposes of standing, a denial of equal treatment is an actual injury even when the complainant is able to overcome the challenged barrier."  Id.  This Court further reasoned that even though the inconvenience to the plaintiffs was slight, that was not dispositive

3

for purposes of standing.  Id. ("The Supreme Court has rejected the argument that an injury must be 'significant'; a small injury, 'an identifiable trifle,' is sufficient to confer standing.") (quoting United States v. Students Challenging Regulatory Agency Procedures (SCRAP), 412 U.S. 669, 689 n.14 (1973)).

Also, a plaintiff has standing even if he complies with a statute prior to raising an as-applied constitutional challenge.  See Pittman v. Cole, 267 F.3d 1269, 1283 (11th Cir. 2001) ("'[W]e will not force a plaintiff to choose between intentionally violating a law to gain access to judicial review and foregoing what he or she believes to be constitutionally protected activity in order to avoid criminal prosecution.'") (quoting White's Place, Inc. v. Glover, 222 F.3d 1327, 1329 (11th Cir. 2000)).  Instead, the focus is on whether the plaintiff has alleged a direct injury resulting from the statute's operation and enforcement.  Jacobs v. Florida Bar, 50 F.3d 901, 904 (11th Cir. 1995).  In the instant case, Plaintiff established that Defendants had a policy and practice of not sending absentee ballots directly to inmates incarcerated in their county of residence and he was adversely impacted by their actions.  Given this fact, it is irrelevant that Plaintiff did not list the jail as the mailing address for his absentee ballot.  Because of Defendants' policy, there was nothing Plaintiff could have done, or done differently, to get his ballot mailed to him where he was incarcerated.

Moreover, Defendant Kemp's argument that Plaintiff should have voted prior to being incarcerated lacks any factual or legal basis. Defendant Kemp did not present any evidence that Plaintiff knew he was going to be incarcerated and, regardless, this Court has ruled that standing is not dependent upon whether a plaintiff could have avoided the harm at issue. See Ne. Fla. Chapter of Assoc. Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 666 (1993) ("The 'injury in fact' in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit."); Charles Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349, 1352 (11th Cir. 2005) ("A plaintiff need not have the franchise wholly denied to suffer injury. Any concrete, particularized, non-hypothetical injury to a legally protected interest is sufficient.").

It is uncontroverted that it was Defendants' unequal application of O.C.G.A. § 21-2-381(a)(1)(D) which rendered Plaintiff ineligible to receive an absentee ballot at the jail and, thus, resulted in his inability to vote in the November 2008 general elections. See Charles Wesley Educ. Found., Inc., 408 F.3d at 1352 (ruling that the causation element is satisfied if plaintiff shows a direct connection between the injury suffered and Defendants' actions). A favorable ruling from this Court will redress the harm Plaintiff suffered and prevent such unequal treatment in the future. Because Plaintiff has satisfied all three prongs of the standing

5

requirement, the district court erred in granting summary judgment in favor of Defendants on this ground.

## II. DEFENDANTS' APPLICATION OF GEORGIA'S ABSENTEE BALLOT LAW TO INMATES INCARCERATED IN THEIR COUNTY OF RESIDENCE DOES NOT SERVE A COMPELLING GOVERNMENTAL INTEREST.

At issue in this case are Plaintiff's fundamental right to vote and the severe restriction Defendants placed on that right based on their unequal application of Georgia law relating to the delivery of absentee ballots to incarcerated voters. As Defendant Kemp noted in his brief, the word "jail" does not appear in O.C.G.A. § 21-2-381(a)(1)(D), and the statute is silent as to the time, place, and manner of delivering absentee ballots to inmates in county jails. Def. Kemp Br. at 12. Yet, Defendants interpreted O.C.G.A. § 21-2-381(a)(1)(D) as allowing them to send absentee ballots to jails provided the inmate is incarcerated outside his county of residence. Given that casting an absentee ballot was Plaintiff's only means of voting while incarcerated, Defendants' application of O.C.G.A. § 21-2-381(a)(1)(D) treated him differently than other inmates solely based on his county of residence.

A state election law that subjects a fundamental right to a severe restriction must be narrowly tailored to advance a compelling state interest. Anderson v. Celebrezze, 460 U.S. 780, 789 (1983); Burdick v. Takushi, 504 U.S. 428, 434 (1992); Timmons v. Twin Cities Area New Party, 520 U.S. 351, 358 (1997).

Defendants bear the burden of establishing that there is a compelling governmental interest in treating inmates incarcerated in their county of residence differently, and that there are not less restrictive means by which to achieve that compelling interest. Timmons, 520 U.S. at 358; Illinois State Bd. of Elections v. Socialist Workers Party, 440 U.S. 173, 185 (1979) ("[W]e have required that States adopt the least drastic means to achieve their ends.").

The DeKalb County Defendants have not asserted any compelling governmental interest in support of their application of O.C.G.A. § 21-2-381(a)(1)(D). The only governmental interests Defendant Kemp offers to support the manner in which Defendants have been applying the statute are that:

> It serves a legitimate purpose of assuring that ballots are sent to the address where voters have registered for the purposes of voting, and, in this regard, helping to assure that voters are (a) living where they claim to be living and registered (and hence where they are entitled to vote); and (b) preventing fraudulent balloting and voting by persons not the person registered to vote at that address.

Def. Kemp Br. at 9. As Plaintiff argued in his opening brief, the record in this case shows that the DeKalb County election office had no difficulty verifying Plaintiff's permanent address and confirming his eligibility to vote in DeKalb County. Furthermore, had Plaintiff received the absentee ballot at the jail, he would have had to sign an oath on the ballot attesting to the fact that he was eligible to vote in DeKalb County. O.C.G.A. § 21-2-384(c)(1). Thus, Defendants were able to verify

7

Plaintiff's permanent address through their own records and Plaintiff would have had to confirm his permanent address when completing the absentee ballot.

As for voter fraud, Defendant Kemp did not present any evidence supporting his position that sending Plaintiff an absentee ballot directly to the jail would have increased the likelihood that someone other than Plaintiff would have cast his ballot. The reality is that sending the absentee ballot to Plaintiff's registered address when he was not there actually increased rather than decreased the chances that someone else could illegally vote his ballot. Of course, Defendant Kemp's argument that their interpretation and application of Georgia's absentee ballot law advances fraud protection is entirely undercut by Defendants' failure to apply their policy to all inmates, not just those incarcerated in their home county. The governmental interests Defendant Kemp offers for maintaining this unequal application of the law are not compelling and certainly the policy and procedures Defendants have adopted are not the least restrictive means available.

Defendants also maintain the Supreme Court's ruling in O'Brien v. Skinner, 414 U.S. 524 (1974), is inapplicable to this case because the county election office mailed Plaintiff's absentee ballot to his home address. Def. Kemp Br. at 12-14; DeKalb County Defs. Br. at 16-17. They contend Plaintiff could have voted with the assistance of a family member who would have been

8

responsible for delivering the ballot to Plaintiff by putting it in a drop box in the jail's front lobby area. Defendants' reasoning is flawed for several reasons.

Like the inmates in O'Brien, casting an absentee ballot was Plaintiff's only means of voting. Therefore, the procedures Defendants applied to delivering his ballot were crucial to making it possible for him to vote. By putting the onus on a family member to assist Plaintiff to vote, Defendants essentially treated Plaintiff as if he were physically disabled which is how the Court in O'Brien characterized the inmates in that case as well. 414 U.S. at 528 ("As we noted earlier, these appellants are not disabled from voting except by reason of not being able physically – in the very literal sense – to go to the polls on election day . . . ."). Inmates also are particularly vulnerable when it comes to exercising their voting rights given the restrictions on their physical liberty.[2] See Maryland v. Shatzer, 130 S.Ct. 1213, 1233 (2010) (finding that "[p]risoners are uniquely vulnerable to the officials who control every aspect of their lives").

If Defendants had applied the absentee ballot law to Plaintiff as if he were physically disabled, they could have directly sent him an absentee ballot at the jail.

---

[2] Defendant Kemp contends that "Plaintiff really is complaining about his incarceration." Def. Kemp's Br. at 14. However, in this lawsuit, Plaintiff has never challenged his sentence of conviction or his incarceration. Defendant Kemp's attempt to mischaracterize and convert Plaintiff's equal protection claim into an appeal of his criminal conviction is unfounded, negated by the allegations in the complaint, and unsupported by the record.

Georgia law expressly provides that in the case of a physically disabled elector an absentee ballot may be mailed to an address other than the elector's permanent mailing address.    O.C.G.A. § 21-2-381(a)(1)(D).    The Defendants' actions illustrate the inconsistent manner in which they have been enforcing the law with respect to the delivery of absentee ballots to inmates.

Moreover, Defendants never distributed any public education materials or written announcements regarding the drop box in the jail lobby for receiving absentee ballots.  R. 56(9)-11 (Ex. F, Resp. Interrog. No. 10).  Even if Plaintiff wanted to take advantage of the system the DeKalb County Defendants had set up for family members to drop off absentee ballots in the jail's lobby, he could not have because Defendants made no efforts whatsoever to publicize this option.  R. 56(9)-11; R. 67-18.  In any event, the jail was never designated as a polling place, and neither Defendant Jeffrey Mann nor any other jail officer received any training in election law or other election-related matters.  R. 66-8 (Mann Dep. at 29).  In fact, jail officers specifically were instructed not to answer any voting related questions from the inmates.  Id. at 7-8.  It was also highly irregular, at best, for Defendant Mann to possess the absentee ballots and arrange to have them delivered to the election office.  R. 56-18 (Ex. N); R. 66-15 (Mann Dep. at 58-59).[3]

---

[3] Georgia's absentee ballot law provides that the envelope in which an absentee ballot is placed "shall then be securely sealed and the elector shall then mail or personally deliver same to the board of registrars or absentee ballot clerk, provided

In sum, Defendants have not met their burden of demonstrating that the unequal application of Georgia's absentee ballot law to incarcerated voters furthers a compelling governmental interest.  In addition, the interests Defendant Kemp does assert could have been met without placing such a severe burden on Plaintiff's right to vote.  Consequently, Plaintiff was entitled to summary judgment as a matter of law.

## III.   CONCLUSION

For the reasons stated above and in Plaintiff's opening brief, the district court should have granted summary judgment in favor of Plaintiff and denied Defendants' motion for summary judgment.  Plaintiff respectfully requests that this Court reverse the district court's decision and remand the case for further proceedings.

---

that delivery by a physically disabled elector may be made by any adult person upon satisfactory proof that such adult person is such elector's mother, father, grandparent, aunt, uncle, brother, sister, spouse, son, daughter, niece, nephew, grandchild, son-in-law, daughter-in-law, mother-in-law, father-in-law, brother-in-law, sister-in-law, or an individual residing in the household of such disabled elector."  O.C.G.A. § 21-2-385(a).

## CERTIFICATE OF COMPLIANCE

In compliance with Federal Rule of Appellate Procedure 32(a)(7)(C), the undersigned counsel hereby certifies that this brief is typed in 14 point Times New Roman and complies with the type-volume limitation of the rule, containing 2,867 words as determined by the word processing systems used to prepare this brief.

/s/Nancy Abudu

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2011, a true and correct copy of the foregoing brief was served upon counsel for the defendants, by First-Class mail, postage prepaid, addressed as follows:

Brenda A. Raspberry
Senior Assistant County Attorney
DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030

Stefan Ernst Ritter
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

/s/Nancy Abudu